# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

NATIONAL PARKS
CONSERVATION ASSOCIATION
and SIERRA CLUB,

        Petitioners,

    v.                             Case No. 25-2042

U.S. ENVIRONMENTAL
PROTECTION AGENCY and LEE
ZELDIN, ADMINISTRATOR, U.S.
ENVIRONMENTAL PROTECTION
AGENCY,

        Respondents.

---

# MOTION OF STATE OF WEST VIRGINIA
# TO INTERVENE IN SUPPORT OF RESPONDENTS

In this proceeding for review, Petitioners challenge a decision by the Environmental Protection Agency approving the State of West Virginia's regional haze state implementation plan under the Clean Air Act. *See* 90 Fed. Reg. 29737 (July 7, 2025) ("Final Rule"). Under Federal Rule of Appellate Procedure 15(d), the State of West Virginia respectfully moves to intervene in support of Respondents EPA and Administrator Lee Zeldin and in defense of EPA's decision. The State has a unique interest justifying intervention given that Petitioners contest the State's right to take the lead in implementing the Regional Haze Rule within its own borders.

Neither Petitioners nor Respondents take a position on this motion, and they reserve the right to respond.

## BACKGROUND

The Clean Air Act "establishes a comprehensive program for controlling and improving the nation's air quality through state and federal regulation." *BCCA Appeal Grp. v. EPA*, 355 F.3d 817, 821-22 (5th Cir. 2003). Under the CAA, EPA's regional haze regulations are meant to remedy existing visibility impairment and prevent future visibility impairment in certain federal areas stemming from manmade air pollutants. 42 U.S.C. § 7491(a)(1).

As a cooperative federalism scheme, *Michigan v. EPA*, 268 F.3d 1075, 1083 (D.C. Cir. 2001), EPA identifies pollutants and sets standards, while the States "bear 'the primary responsibility' for implementing those standards" through state implementation plans—SIPs, *Texas v. EPA*, 829 F.3d 405, 411 (5th Cir. 2016) (quoting *Luminant Generation Co. v. EPA*, 675 F.3d 917, 921 (5th Cir. 2012)). During this process, States submit SIPs to EPA for approval. 42 U.S.C. § 7491(b)(2). After EPA approves a SIP, the Regional Haze Rule requires "periodic comprehensive revisions of" the SIP. 40 C.F.R. § 51.308(f).

In August 2022, West Virginia submitted to EPA a SIP revision under the Regional Haze Rule. 90 Fed. Reg. 6932, 6941 (Jan. 21, 2025). EPA issued a proposed rule disapproving that revision in January 2025. *Id.* at 6932-54. West Virginia wrote a public comment opposing the disapproval. After reviewing West Virginia's comment, EPA changed course.

On April 18, EPA withdrew its proposed disapproval and reproposed approval "based on a change in policy." 90 Fed. Reg. 16478, 16482 (Apr. 18, 2025). Following public input and discussion (which was later considered and addressed by EPA), the agency ultimately approved West Virginia's revised SIP on August 6 via the Final Rule. 90 Fed. Reg. 29737.

Petitioners filed a petition for review of the Final Rule on September 4.

2

## ARGUMENT

Federal Rule of Appellate Procedure 15(d) provides that anyone who wishes to intervene in a proceeding for review of an administrative order may move to do so within 30 days after the petition for review is filed. The motion need only contain "a concise statement of the interest of the moving party and the grounds for intervention." FED. R. APP. P. 15(d).

"Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-18 (7th Cir. 2004) (cleaned up). Sometimes, courts will also consider "the statutory design of the [relevant] act." *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985). Other times, courts have found it sufficient that no prejudice will result from an otherwise unopposed intervention. *See Int'l Union of Operating Eng'rs, Loc. 18 v. NLRB*, 837 F.3d 593, 596 (6th Cir. 2016) (noting a lack of prejudice in granting intervention).

Here, all relevant considerations favor allowing the State to intervene.

The statutory design favors intervention. "The Clean Air Act regulates air quality through a federal-state collaboration." *Ohio v. EPA*, 603 U.S. 279, 283 (2024) (cleaned up). States thus play a central role in cases involving the

Act. West Virginia's revised SIP, after all, was the impetus for the Final Rule. *See* 90 Fed. Reg. 29737, 29737-39. Federal appellate courts routinely allow States to intervene in such cases. *See, e.g., Ctr. for Biological Diversity v. EPA*, No. 23-9503 (10th Cir. Feb. 22, 2023), ECF No. 18 (order granting Colorado's motion to intervene); *WildEarth Guardians v. EPA*, No. 12-71523 (9th Cir. Dec. 11, 2012), ECF No. 31 (same for Nevada); *Nat'l Parks Conservation Ass'n v. EPA*, No. 14-3147 (3d Cir. Aug. 21, 2014), ECF No. 003111714396 (same for Pennsylvania).

The Rule 24 factors favor intervention, too. Applying that rule, this Court has said that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (cleaned up). Thus, "a 'court must permit anyone to intervene' who, (1) '[o]n timely motion,' (2) 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' (3) 'unless existing parties adequately represent that interest.'" *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 190 (2022) (quoting FED. R. CIV. P. 24(a)(2)). The Court will also grant intervention if the

4

proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

*First*, the State's motion is timely. The State is filing its motion within 30 days, as the relevant federal rule contemplates. FED. R. APP. P. 15(d). The Court has not yet entered a scheduling order, no party has filed anything other than standard procedural filings, and the State's involvement will not delay any of the dates that will be ordered. The State will also not prejudice any party by coming into the case at this time.

*Second*, the State has a direct and unique interest in these proceedings. The Final Rule approves West Virginia's revised SIP, in which the State made specific decisions about how to best implement the Regional Haze Rule in West Virginia—decisions like which sources to consider or how to make "reasonable progress" towards the national visibility goal. 90 Fed. Reg. 29737, 29739-40. The very nature of the CAA SIP program explicitly reserves these and many other regional haze-related decisions to West Virginia. Indeed, the CAA's SIP programs—like the one here—mean the States remain "free to develop a variety of solutions to [environmental] problems and not be forced into a common, uniform mold." *Addington v. Texas*, 441 U.S. 418, 431 (1979).

West Virginia has a substantial interest in the regulation and management of its air visibility to benefit its citizens.

What's more, West Virginia has a direct financial interest in these proceedings. It is interested in preserving the years of expensive work that has gone into crafting its revised SIP. And make no mistake—this work is expensive. It often costs more "to maintain and preserve air for aesthetic purposes than for health purposes," John Copeland Nagle, *The Scenic Protections of the Clean Air Act*, 87 N.D. L. REV. 571, 599 (2011), and § 7491's "goals and standards are purely aesthetic rather than directly related to health and safety," *Oklahoma v. EPA*, 723 F.3d 1201, 1226 (10th Cir. 2013) (Kelly, J., concurring and dissenting). If Petitioners succeed, then all the State's costly prior work will be for naught.

Perhaps worse still, Petitioners' challenge to the Final Rule could force West Virginia into an arbitrary federal implementation plan that may not align with the State's fiscal constraints. A federal implementation plan would override West Virginia's "sovereign interests in regulating [its] own industries and citizens—interests the [Clean Air] Act expressly recognizes." *Ohio*, 603 U.S. at 291 (cleaned up).

6

The State thus "stand[s] to gain or lose by the direct legal operation" of any order here. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). That is enough to show a legally cognizable interest for purposes of intervention.

*Third*, Respondents will not adequately represent the State's interests. To be sure, the State expects that Respondents will defend the Final Rule. But that identity of interest is not enough to deny intervention when the parties' relevant interests don't "overlap fully," especially when "a duly authorized state agent seeks to intervene to defend" a state action. *Berger*, 597 U.S. at 197, 199. As explained above, the CAA explicitly reserves to West Virginia specific decisions about how to implement the Regional Haze Rule in the State. *See supra* p. 2. Because "the burden on the applicant of demonstrating a lack of adequate representation should be treated as minimal," the State has more than met its obligation to do so here. *Teague*, 931 F.2d at 262 (cleaned up).

Lastly, even if the Court concluded that Rule 24's mandatory intervention factors don't favor the State, the factors underlying permissive intervention do. The State's interest in implementing its revised SIP shares at least a common thread with EPA's interest in sustaining the Final Rule that approved the revised SIP. *See* FED. R. CIV. P. 24(b)(1)(B) (common questions

7

of law or fact).    And apart from that commonality, the case involves "a statute . . . administered by" a state agency and a "regulation . . . made under the statute."  FED. R. CIV. P. 24(b)(2).  Indeed, that's the entire point of the Final Rule.  Given that no delay will result and no party will be prejudiced by the State's involvement, *see* FED. R. CIV. P. 24(b)(3), and considering how the Court could benefit from the State's institutional expertise, the Court should allow the State to be involved.

***

Just a few months ago, this Court granted West Virginia's motion to intervene in a similar case brought by the Sierra Club and others challenging EPA's approval of West Virginia's application for primary enforcement authority for Class VI Underground Injection Control Wells regulated under the Safe Drinking Water Act.  *See W. Va. Surface Owners' Rights Org. v. Zeldin*, No. 25-1384 (4th Cir. May 9, 2025), ECF No. 16.  On the question of State intervention, *West Virginia Surface Owners' Rights Organization* is on all fours with this case.  From statutory design to state interests to timeliness to a lack of prejudice, every relevant factor is the same.  As it did in *West Virginia Surface Owners' Rights Organization*, the Court should grant the State's motion to intervene.

8

## CONCLUSION

The State respectfully requests that the Court grant its motion to intervene in support of Respondents.

Respectfully submitted,

JOHN B. MCCUSKEY
ATTORNEY GENERAL

/s/ *Michael R. Williams*
Michael R. Williams
 *Solicitor General*

West Virginia Attorney
General's Office
1900 Kanawha Blvd. E
Bldg. 1 Rm. 26E
Charleston, WV 25305
(304) 558-2021
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

Dated: September 25, 2025

9