**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| **NATIONAL PARKS CONSERVATION ASSOCIATION and SIERRA CLUB,** )<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**NATIONAL PARKS CONSERVATION ASSOCIATION and SIERRA CLUB,**            )
                                                                       )
          *Petitioners*,                                               )
                                                                       )
          **v.**                                                       )      Case No. 25-2042
                                                                       )
**U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency**   )
                                                                       )
          *Respondents*,                                               )
                                                                       )
**STATE OF WEST VIRGINIA; WHEELING POWER COMPANY; APPALACHIAN POWER COMPANY; KENTUCKY POWER COMPANY; MONONGAHELA POWER COMPANY**   )
                                                                       )
          *Intervenors*.                                               )

**JOINT MOTION FOR A REVISED BRIEFING SCHEDULE;**
**SEPARATE RESPONDENT AND INTERVENOR BRIEFS;**
**AND A DEFERRED JOINT APPENDIX**

Petitioners Sierra Club and National Parks Conservation Association

("Petitioners"), Respondents United States Environmental Protection Agency

("EPA") and Lee Zeldin, Administrator ("Respondents"), and the State of West

Virginia, Wheeling Power Company, Appalachian Power Company, Kentucky

Power Company, and Monongahela Power Company ("Intervenors," and collectively with Petitioners and Respondents, "Movants") hereby jointly move for a revised briefing schedule and a deferred joint appendix in this proceeding. This petition seeks review of a final action taken by EPA at 90 Fed. Reg. 29,737 on July 7, 2025, entitled "Air Plan Approval; West Virginia; Regional Haze State Implementation Plan for the Second Implementation Period."

**Motion to Extend Briefing Deadlines**

1. On December 1, 2025, the Court entered a Briefing Order, which includes a deadline of January 12, 2026 for the Petitioners' Opening Brief and the Joint Appendix.  ECF No. 33.

2. In the Fourth Circuit, extensions are granted "only when extraordinary circumstances exist.  A motion for an extension of time to file a brief must be filed well in advance of the date the brief is due and must set forth the additional time requested and the reasons for the request."  4th Cir. R. 31(c) ("Local Rule").[1]

3. This motion is based on extraordinary circumstances.  First, Petitioners' undersigned counsel face pressing deadlines in other matters and/or planned extended absences from work during the upcoming holidays, which

---

[1] Federal Rule of Appellate Procedure 26 permits the Court to extend the time prescribed by its order to perform any act for "good cause."

will significantly reduce the time available for preparation of Petitioners' Brief in advance of the current January 12, 2026 deadline. Joshua Smith is preparing for an evidentiary hearing before the Iowa Utilities Commission on December 16–18, 2025, has upcoming deadlines for four sets of written testimony and one initial brief,[2] and is planning to be out of the office from December 23, 2025 to January 2, 2026. Isabella Ariza is scheduled to be out of the office from December 22, 2025 to January 2, 2026 and faces immediate deadlines in Georgia Public Service Commission No. 56298.[3] Charles McPhedran will be

---

[2] Mr. Smith's commitments include:

- In Re River City Energy, Iowa Utilities Commission Docket GCU-2025-0004, Evidentiary Hearing scheduled for December 16–18, 2025 (settlement negotiations regarding this matter may obviate the need for this hearing).
- In re Southwestern Public Service Company, New Mexico Public Regulation Commission Case No. 25-00066-UT, Direct Testimony Deadline December 19, 2025.
- In re Southwestern Public Service Company, New Mexico Public Regulation Commission Case No. 25-00066-UT, Rebuttal Testimony Deadline January 12, 2026.
- In Re Interstate Power and Light, Iowa Utilities Commission Docket RPU-2025-0003, Evidentiary Hearing January 13, 2026.
- *La. Bucket Brigade et al. v. La. Dep't of Envt'l Quality*, Case No. 25-60455 (5th Cir.), Initial Brief Deadline January 15, 2026.
- In re Southwestern Public Service Company, Public Utility Commission of Texas Case No. 58664, Direct Testimony Deadline January 15, 2026.

[3] Ms. Ariza's deadlines in No. 56298 include:

- December 10–12, 2025: Lead attorney for hearing before Georgia Public Service Commission.
- December 16, 2025: Briefs and/or proposed due to Commission.
- December 19, 2025: The Commission will render a decision.
- December 29, 2025 (or 10 days after final order): Deadline to file any

out of the office from December 22, 2025 to January 2, 2026.

4.    Second, as demonstrated by the Certified List of Documents Comprising the Record, this case involves an extensive, technical, and complex record.  *See* Fed. Resp'ts Notice of Filing the Certified List of Docs. Comprising the Rec., ECF No. 32.  The Certified List of Documents includes an array of rulemaking documents, emissions information, air quality modeling documents, information from Federal Land Managers (or "FLMs"), information regarding specific plants, other information from industry, and public comments.  *Id*.  The breadth and depth of this Certified List of Documents will take more time to address than an ordinary case, and thus is an extraordinary circumstance supporting the requested extension.

5.    Further, and incorporating the extraordinary circumstances regarding the record cited above, Respondents request additional time in the briefing schedule, after the filing of Petitioners' Proof Briefs and before the deadline for Respondents' Proof Briefs, to seek and obtain internal approvals from officials within the U.S. Department of Justice and EPA.

6.    No extension in the briefing schedule has previously been requested.  The Court had previously suspended, and later resumed, the deadline for filing the administrative record.  ECF Nos. 17, 31.

---

motion for reconsideration.

7.     In accordance with the other criteria of Local Rule 31(c), this motion is filed well in advance of the date the brief is due (January 12, 2026), and it sets forth the additional time requested (Par. 17, below) and the reasons for the request.

### Separate Briefing

8.     Consistent with Local Rule 12(e), EPA and Intervenors request, and Petitioners do not oppose, that EPA file a separate brief from Intervenors, with Intervenors filing a joint brief.  As this matter involves two sovereigns— the United States and the State of West Virginia—with their own interests and approval processes, separate briefing is warranted.  Separate briefing is also warranted because multiple power plant owners with their own unique interests in their commercial operations have also intervened.

9.     EPA states that the U.S. Attorney General has the authority to direct and supervise litigation involving the United States.  28 U.S.C. §§ 516, 519.  Generally, briefs filed in the Courts of Appeals by attorneys in the Environment and Natural Resources Division must be reviewed and authorized by the Assistant Attorney General, which requires extensive review and coordination within the U.S. Department of Justice.  Additionally, such briefing must undergo review by officials at EPA, both within EPA Region 3 and EPA headquarters.  Layering these review and approval processes on top of the

coordination between the United States and Intervenors required for a joint, substantive brief would make filing a single brief impracticable.

10.    EPA and Intervenors state that while the interests of EPA and Intervenors overlap, they are not identical.  The Clean Air Act directs EPA to establish nationwide requirements for the Act's regional haze program.  States then develop state implementation plans intended to comply with the regional haze program requirements, and EPA evaluates whether the States' plans meet the requirements.  Power companies are regulated by EPA and the State.  EPA must factor in programmatic concerns when responding to Petitioners' challenge.  Intervenors, in contrast, have their own unique interests in State actions involving regional haze requirements and implementation by individual sources. These distinct interests reflect the different roles played by EPA, the State of West Virginia, and affected power companies under the Clean Air Act's "cooperative federalism" scheme.  *Wyoming v. Zinke*, 871 F.3d 1133, 1140 (10th Cir. 2017).

11.    This court has previously granted the United States leave to file a separate brief.  *See, e.g.*, Order, *Dow Agrosciences LLC v. Nat'l Marine Fisheries Serv.*, No. 11-2337 (4th Cir. Mar. 1, 2012), ECF No. 25; Corrected Order, *Alt v. EPA*, No. 13-2527 (4th Cir. Aug. 18, 2014), ECF No. 48.

12.    Finally, to avoid duplicative briefing, EPA and Intervenors

suggest, and Petitioners do not oppose, staggered briefing, such that the EPA files first, followed by Intervenors after a short period (to allow for review of EPA's filing). This staggered approach is consistent with how other federal appellate courts routinely handle briefing on administrative petitions for review.

### Deferred Appendix

13. A deferred joint appendix is appropriate here. As noted above, the record for this proceeding is substantial and complicated. *See* ECF No. 32. Given the length and complexity of the record, it is likely that the parties will not know until completion of briefing what parts of the record need to be included in the appendix. Thus, to avoid burdening the Court with an excessive and unnecessary amount of material, and to facilitate clear and comprehensible references to the record in the parties' briefs, it will be more efficient to defer the joint appendix until after briefing. *See* Fed. R. App. P. 30(c).

14. To ensure that any additional portions of the record that are cited in Petitioner's Reply Brief may be included in the joint appendix, Movants request a deadline following Petitioners' Reply Brief that will allow sufficient time to prepare the deferred appendix.

15. Additionally, Movants respectfully request that the Court allow

filing and paper production of finalized briefs (with page citations to the deferred appendix) after filing of the deferred appendix. Fed. R. App. P. 30(c)(2)(B).

## Proposed Briefing Schedule

16.    Although the parties will endeavor to brief the complex matters presented by this litigation as concisely as possible, Movants propose modified word limits.  Specifically, a limit of 10,000 words for Intervenors' Proof Brief will allow them to address the complicated issues raised in this matter, and an increased limit of 10,000 words for Petitioners' Reply Brief will allow them to respond to the 23,000 combined words proposed for Respondent's Proof Brief and Intervenors' Proof Brief.

17.    Movants propose the following timeline for the briefs and the deferred appendix:

| | | |
|---|---|---|
| Petitioners' Proof Brief | 13,000 words | January 28, 2026 |
| Respondents' Proof Brief | 13,000 words | March 30, 2026 |
| Intervenors' Proof Brief | 10,000 words | April 6, 2026 |
| Petitioners' Proof Reply Brief | 10,000 words | April 27, 2026 |
| Deferred Appendix | | May 8, 2026 |
| Final Briefs | | May 22, 2026 |

18.    Because each Movant consents to the relief requested by each other

Movant, and for the reasons above, Movants request that the Court enter the proposed briefing schedule and grant EPA leave to file a separate brief.

Dated: December 12, 2025                    Respectfully submitted,

s/ Charles McPhedran
Charles McPhedran
Pa. Bar ID No. 60123
Earthjustice
1617 John F. Kennedy Blvd.
Suite 2020
Philadelphia, PA 19103
(215) 717-4521
cmcphedran@earthjustice.org

Joshua D. Smith
Ore. Bar ID No. 071757
Sierra Club
2101 Webster St., #1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

Isabella Ariza
DC Bar ID No. 90033154
Sierra Club
50 F. St. NW, 8th Floor
Washington, DC 20001
(857) 999-6267
isabella.ariza@sierraclub.org

*Counsel for Petitioners*

s/ Christine W. Ennis
Christine W. Ennis
U.S. Department of Justice
Env't & Natural Resources Division
Environmental Defense Section
P.O. Box 7611

Washington, DC 20044
(202) 598-7342
christine.ennis@usdoj.gov

*Counsel for Respondents*

s/ Nash E. Long

Nash E. Long
Erica N. Peterson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500
nlong@hunton.com
epeterson@hunton.com

*Counsel for Intervenors Wheeling Power Company, Appalachian Power Company, Kentucky Power Company, and Monongahela Power Company*

s/ Michael R. Williams

Michael R. Williams
John B. McCuskey
Office of the Attorney General
of West Virginia
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd. E
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvago.gov

*Counsel for Intervenor State of West Virginia*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Joint Motion for a Revised Briefing Schedule; Separate Respondent and Intervenor Briefs; and a Deferred Joint Appendix complies with Fed. R. App. P. 27(d)(2)(A) and 32(f) and (g), as it complies with this Court's typeface requirements and contains 1,581 words, excluding exempted portions.

Date: December 12, 2025          s/ Charles McPhedran
                                 Charles McPhedran
                                 Counsel for Petitioners


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Joint Motion for a Revised Briefing Schedule; Separate Respondent and Intervenor Briefs; and a Deferred Joint Appendix was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: December 12, 2025          s/ Charles McPhedran
                                 Charles McPhedran
                                 Counsel for Petitioners